Reese, J.
delivered the opinion of the court.
Cagle and Boling were indicted and convicted for the offence of “unlawfully, openly and publicly dwelling and co-habiting together in lewdnsss and adultery, being unmarried to and with each other.”
*416 The judgment was arrested by the circuit court upon the ground that the living, dwelling and co-habiting together in lewdness and adultery, being unmarried, is not charged in the indictment to have been notorious. For the State it is urged, that if two persons of differing sex, live, dwell and co-habit together with the apparent relation of man and wife, without in fact being married, and therefore in lewdness and adultery, although the fact of being unmarried might not be generally known or notorious, the offence would be indictable without alleging or provingsuch notoriety, the gravamen of the offence consisting in the adulterous co-habitation of unmarried persons, and not in the general knowledge of the community of the negative fact of their being so unmarried. And this is probably correct. The allegation of notoriety, however, in the case before us, if necessary, is sufficiently made by the terms, “openly and publicly.” We see no reason therefore, why, upon the ground suggested, the judgment should have been arrested.
But a writ of error on the part of the defendants has been prosecuted for the alleged misdirection of the judge in his charge to the jury, and for his refusal to grant a new trial. It is insisted that the charge of his Honor involves the position that a secret and single act of adultery, if proved, constitutes an indictable offence. Isolated expressions, or detached portions of the charge, considered seperately might maintain the assertion. But the entire charge, fairly considered, in its scope and meaning, and with reference to the allegation and proof, leads us to believe that such was not the statement of thejudge, and such could not have been the inference of the jury from what was said. We deem it unnecessary here, of course to extract the charge of the court, such being our conclusion as to its meaning. There is no pretence to ask for a new trial upon the facts proved.
The judgment of the circuit court, therefore, in arresting the judgment, will be reversed, and this court will render judgment upon the verdict of the jury.